**UNITED STATES of America,**
**Petitioner,**

v.

**The Honorable John E. MILLER, Judge of the United States District Court for the Western District of Arkansas, Respondent.**

**Mountain Valley Sales Company, an Arkansas corporation, H. B. McFarling and John G. Scott, Interveners.**

**No. 15972.**

United States Court of Appeals
Eighth Circuit.

May 28, 1958.

Rehearing Denied June 27, 1958.

Paul M. Steffy, Attorney, Department of Health, Education, and Welfare, Washington, D. C. (Rufus D. McLean, Acting Asst. Atty. Gen., Charles W. Atkinson, U. S. Atty., Fort Smith, Ark., Frank J. Kiernan, Attorney, Department of Justice, and William W. Goodrich, Asst. Gen. Counsel, Department of Health, Education and Welfare, Washington, D. C., on the brief), for petitioner.

Robert F. Schlafly, St. Louis, Mo. (Edward L. Wright, Little Rock, Ark., and J. F. Schlafly, Jr., Alton, Ill., on the brief), for respondent.

Before SANBORN, WOODROUGH and JOHNSEN, Circuit Judges.

PER CURIAM.

This Court, on August 6, 1957, in United States v. 353 Cases * * * Mountain Valley Mineral Water, a libel proceeding, reversed the judgment appealed from. The judgment in favor of the claimants was based upon the verdict of a jury finding all issues in their favor. The reversal of the judgment by this Court was based upon its conclusion that all of the sales literature involved in advertising the water was, as a matter of law, "labeling"; that the evidence conclusively showed that the mineral water in suit had been recommended for special dietary uses, and that the labels on the bottles did not contain the information required by applicable regulations; that, at the close of the evidence, the Government was entitled to a directed verdict, and that the trial court erred in denying the Government's motion for such a verdict. We remanded the case with directions to enter a judgment of condemnation. 247 F.2d 473.

The parties, after the remand of the case, were unable to agree upon the form of judgment required by our opinion and mandate. Judge Miller, for the District Court, entered a judgment of condemnation, but, over the objections of the Government, included in it a paragraph 2 reading as follows:

"That pursuant to the verdict herein returned on June 6, 1956, with respect to the charges contained in Paragraphs 3 and 5 of said libel of information, alleging a misbranding of said water within the meaning of 21 U.S.C. § 352(a) and 21 U.S.C. § 343(a) because of false and misleading representations, which issues were submitted to the jury by consent of the parties, and in accordance with said jury verdict in favor of the claimants on all said issues, the charges contained in Paragraphs 3 and 5 of said libel of information are hereby dismissed with prejudice to the libelant."

This was done upon the theory that the claimants were, notwithstanding the reversal of the judgment appealed from in the libel proceeding, entitled to the benefit of so much of that judgment as was based upon the verdict of the jury with respect to the issue of alleged misrepresentations in labeling, in so far as that issue was claimed to be unrelated to the question of the alleged representations of the water for dietary uses. In providing for the recovery by the Government of costs and expenses in paragraph 5 of the judgment entered on our mandate, Judge Miller also added the words, "which are directly referable to the misbranding adjudged herein." To this the Government also objected.

The purpose of the instant mandamus proceeding brought by the Government against Judge Miller is to secure the elimination from the final judgment of those portions above referred to.

It is our opinion that every element and issue which inhered in the verdict upon which the judgment appealed from in the libel proceeding was based, disappeared from the case when this Court reversed that judgment and directed the entry of a judgment in favor of the Government on the ground that, under the evidence and as a matter of law, it was entitled to a judgment of condemnation at the close of the evidence. We are satisfied that the Government is entitled to have eliminated the challenged portions of the judgment which was entered after the remand of the libel proceeding.

We think it is unnecessary to issue a writ of mandamus, since we have no doubt that Judge Miller will readily comply with this Court's views as to the form of judgment required by its mandate. He is directed to amend the judgment by eliminating paragraph 2 and striking out in paragraph 5 the words, "which are directly referable to the misbranding adjudged herein." As so amended the judgment will conform to the mandate of this Court.